## Bechak *v.* Corak, Appellant.

Argued March 17, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*H. Beryl Klein,* with him *Klein, Simoni and Morris,* for appellants.

*John E. Caputo,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 11, 1964:

Andrew J. Bechak and John F. Wright, Jr., taxpayers and residents of Beaver County, for themselves and others similarly situated, filed a complaint in equity against James E. Ross, Samuel M. McCune and Eli G. Corak, county commissioners of Beaver County, James F. Tress, county controller, and Russel Milnes, county treasurer. The complaint alleges that the county commissioners, since the beginning of their terms of office to the present (1963), have been reimbursed, from public funds, $150 per month for individual travel expenses, alleged to have been incurred within the county, without submitting itemized accountings or vouchers supporting the expenditures, and that the commissioners have received public moneys as reimbursement for travel expenses outside Beaver County, also without accounting for same.[1]

The complaint alleges further that James F. Tress, controller, has received $125 monthly from public funds for travel within the county without filing an accounting for these expenses or producing valid receipts.

None of these payments, it is alleged, may be made to the county commissioners or the controller without a proper statement detailing the expenses and justifying payment.

---

[1] "The expenses paid to the Commissioners and the Controller are noted in the Controller's Annual Report for 1962 in two places, one half of such expenses being designated as 'travel expenses' and the other half being designated as 'other expenses.' The money paid to the County Treasurer is properly reflected as travel expenses." (From the opinion of the court below.)

As to the county treasurer, the complaint alleges that although he filed a monthly expense voucher for mileage traveled within Beaver County and received reimbursement from public funds, there exists no authority in law for such expenditure or reimbursement to a county treasurer.

The period covered by the complaint is January, 1960, to the then current year, 1963.

The relief sought is an injunction restraining the commissioners and controller from authorizing and approving lump sum expenses for themselves without an accounting of travel expenses incurred, supported by receipts. The complaint also seeks the appointment of an auditor to determine the exact amounts paid under the questioned procedure. Finally, the complaint asks that the court direct the commissioners and controller to repay all funds received by them as monthly lump sum payments and that they, together with the treasurer, be surcharged for the payments they authorized to be made to the treasurer.

Defendant officials filed preliminary objections to the complaint, asserting the lack of equitable jurisdiction and the availability of an adequate statutory remedy by way of an appeal from the annual report of the controller.[2]

Before argument was heard on the preliminary objections, the taxpayers filed a petition for a preliminary injunction to restrain the officials from continuing the practices alleged in the complaint. The petition further requested an order directing that the salaries of defendants and any other money due them during the balance of their terms of office be placed in escrow to set off the possible surcharges due the county because of the described practices.

---

[2] The County Code, Act of August 9, 1955, P. L. 323, §§1731, 2805, 16 P.S. §§1731, 2805.

The petition for preliminary injunction came on for hearing on September 21, 1963, before the Honorable BURTON R. LAUB of the Sixth Judicial District, specially presiding.[3]  At that time, the court also heard argument on the preliminary objections.

At the hearing, defendants questioned plaintiffs' standing as property owners and taxpayers.  By their preliminary objections, defendants admitted all well pleaded allegations of fact in the complaint, including the averments that plaintiffs are duly qualified residents and taxpayers.  *Stahl v. First Pennsylvania Banking and Trust Co.*, 411 Pa. 121, 191 A. 2d 386 (1963).

The court below concluded that the preliminary objections were well taken as to the period prior to January 1, 1963, and dismissed the action as to these prior years.  The court dismissed the objections as to the then current year and permitted defendants to file an answer.  The court refused the request that the salaries and other sums due the officials be placed in escrow, but ordered the issuance of a preliminary injunction upon plaintiffs' filing a bond, as provided in Pa. R. C. P. 1531(b)(1), in the sum of $3,000.

Defendants filed two appeals: one from the grant of the preliminary injunction and one from the dismissal of the preliminary objections and the sustaining of plaintiffs' right to proceed in equity.

Plaintiffs did not file the required bond, and the preliminary injunction did not issue.  Appellees moved to quash the appeal from the grant of the preliminary injunction, which motion was granted by this Court.[4] The only issue now before our Court is whether equity has jurisdiction to enjoin county officials from committing and continuing improper or illegal conduct.

---

[3] The judges of the Court of Common Pleas of Beaver County had previously disqualified themselves.

[4] This was the appeal at No. 54 March Term, 1964.

The County Code provides that county commissioners shall be allowed their expenses, necessarily incurred and actually paid in the discharge of their official duties or in the performance of any service, office, or duty imposed upon county commissioners. Act of August 9, 1955, P. L. 323, §507, 16 P.S. §507. Similarly, the county controller is allowed expenses by Section 607 of the Code, 16 P.S. §607.

We agree with the court below that equity has jurisdiction in this matter and that the complaint states a cause of action. It is clear that the practices alleged in the complaint are contrary to law as the court below correctly observed: "With respect to the lump sum payment of expenses without voucher to the Commissioners and Controller, there can be no doubt that this was improper. In Susquehanna County Auditors' Report, 118 Pa. Superior Ct. 47, 54, 180 A. 148 [(1935)], it was pointed out that lump sum accounts for commissioners' expenses, without accounting, is improper; that itemized bills for such expenses should be presented and approved. Interestingly enough, in that case the commissioners apparently followed the same historic custom which has prevailed in Beaver County. The Superior Court, however, held that such a custom is not in accordance with law and cannot be approved."

In the *Susquehanna County* case, the Superior Court further noted (at 57, 180 Atl. at 153): "Public officers should be held to a strict and rigid accountability (Godshalk v. Northampton County, 71 Pa. 324, 329), and payments made by them from public funds, for bills and expenses which the law directs to be itemized, cannot be allowed unless they are itemized and authenticated in such way as to permit check and verification."

With regard to the County Treasurer, the court below concluded, and correctly so, that: "There is no provision in the Code, however, for the payment of ex-

penses to the County Treasurer except for attendance at State Association meetings,[5] and our attention has been called to no other authorizing statute."

In the absence of any express or implied authority in The County Code permitting the monthly expense vouchers for mileage traveled by the treasurer, his filing a monthly voucher and his receipt of public funds for expenses is clearly contrary to law.

It then remains to be determined whether, in this instance, equitable jurisdiction *should* be exercised to afford the relief sought. We are of the opinion that a court of equity clearly should exercise its power to act in such circumstances as here have been described.

Appellants rely upon the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, §13, 46 P.S. §156, which provides: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

In view of this act, appellants contend that the remedy by way of appeal from the annual report of the controller for the year 1963 is a complete and adequate statutory remedy which precludes the exercise of equitable jurisdiction over the subject matter. We conclude, as did the court below, that the statutory remedy is not adequate to prevent present or prospective violations of the law.

The hearing judge quite properly determined: "Defendants would have us extend the Act of 1806 to apply to current matters, requiring plaintiffs to abide the filing of the next controller's report before finding a

---

[5] This specific payment is authorized in §443 of The County Code, 16 P.S. §443.

remedy. With this we cannot agree. That act does not prohibit the interference of equity to enjoin improper and illegal conduct while it is actually in progress, nor does it prevent equity from following through with appropriate incidental relief where necessary. In Adler v. Philadelphia, 397 Pa. 660, 664, 156 A. 2d 852, the Supreme Court reiterated what is said before in Downing v. School District, 360 Pa. 29, 33, 61 A. 2d 133, that: 'Equity will intervene to restrain acts of municipal authorities which are contrary to positive law or amount to bad faith or constitute a violation of public duty.' Again, in Zeigenfuse v. Boltz, 401 Pa. 365, 372, 164 A. 2d 663, it said: 'The general equity jurisdiction of the courts of common pleas of the Commonwealth by virtue of Section 13 of the Act of June 16, 1836, P. L. 784, 17 P.S. §282,[6] embraces the power to prevent or restrain "the commission or continuance of acts contrary to law and prejudicial to the interests of the community, or the rights of individuals." '

"It would be startlingly egregious to learn that once it has been shown that a public officer is being paid funds to which he is not entitled, or that public funds are being disbursed in lump sums without itemization or voucher, equity cannot step in to restrain such practices, at least until final hearing. While lump sum payments of expenses without itemization are improper merely and not necessarily illegal or fraudulent, the same cannot be said of payments made without any authority of law. Of course, in the final disposition of this litigation the commissioners and controller will be permitted, so far as they are able, from books or memoranda kept by them, to itemize and justify the expenses which were paid to them. But if such itemization cannot be supplied, the payments cannot be

---

[6] "See Act 1857, February 14, P. L. 39, §1, 17 P.S. §283, extending powers of Philadelphia Courts of Common Pleas generally." (Footnote from opinion of the court below, renumbered.)

sustained and there must be a surcharge. All of this was indicated in Susquehanna Auditors' Report, supra, p. 54. Therefore, since the possibility exists of money due the county both from past and future acts in 1963, it is imperative that lump sum payments must be stopped. It is no answer that the county would be entitled to a money judgment if a successful appeal was later maintained as to 1963; recoupment of improper items permitted to be paid would, at least, be problematical. Nor is it any answer that the commissioners, by recent resolution, have discontinued the practices which heretofore obtained. That resolution, like its predecessors, can be altered at any meeting."

Our review of the entire record satisfies us that the chancellor has justly and wisely adjudicated the issues and questions presented.

Decree affirmed. Costs on appellants.