Tallarico *v.* Bellotti (et al., Appellant).

Submitted April 21, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

536

*Edward V. Sciamanna* and *Thomas J. Terputac,* for appellant.

*Francis H. Patrono* and *Patrono and Edwards,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 27, 1964:

Appellees, children of Frank and Clara Tallarico, on October 5, 1963, filed an action to quiet title against the personal representative of the estate of their father.

The complaint alleges that prior to November 5, 1956, their mother owned four parcels of land in Washington County. On that day, Frank and Clara Tallarico (Frank and Clara) executed a writing wherein Clara promised to convey all of her property to herself and her husband as tenants by the entireties. The writing provided that: "In the event that either the Husband or Wife should remarry after the death of the other, it is hereby agreed that title to the said real estate shall pass to and be vested in the children of the Husband and Wife, their heirs and assigns in fee simple, from and after the date of the said remarriage."

The writing also stated that any child or issue of the husband and wife may seek its enforcement by filing an action in equity praying for the revocation and setting aside of the conveyance.

On that same day, November 5, 1956, Clara, by her deed, created a tenancy by the entireties in herself and her husband, but the deed made no reference to the agreement and imposed no condition upon the conveyance.

The complaint further alleges that Clara died on October 20, 1959, and that Frank, on November 5, 1960, married Maria Mauro (Maria) in Italy. Frank died August 31, 1963, a resident of Washington County. Goldie P. Bellotti was appointed his personal representative on September 27.

The complaint pleads a breach of the condition imposed by the writing of November 5, 1956, and prays that the deed of the same day be revoked and set aside and that the Court of Common Pleas of Washington County enter a decree awarding title to the real estate to plaintiffs.

Maria, decedent's second wife, not a party to the action, without petitioning for leave to intervene, filed preliminary objections to the complaint, in which she questioned the court's jurisdiction over the subject matter. She urged that the Orphans' Court of Washington County had exclusive jurisdiction and that the action in the court of common pleas should be dismissed. No question was raised in the court below as to her standing to file these preliminary objections, and the court passed upon the merits of the jurisdictional issue.

The court below concluded that decedent's ownership of the real estate terminated upon his remarriage so that the property never became a part of his estate. Accordingly, the court held that the deed did constitute a cloud upon the title of plaintiffs and that the court of common pleas had jurisdiction over the subject matter. The preliminary objections were dismissed. Maria Mauro Tallarico appeals.

Appellees, for the first time, question Maria's standing to file preliminary objections. Despite the

absence of a formal petition for leave to intervene, the court below obviously treated her as having standing. Because the question was not raised below, we shall not deal with it here and shall consider appellant as one who had been granted leave to intervene. There is no doubt that Maria's interest in the outcome of the action to quiet title is such that she would have been granted leave to intervene pursuant to Pa. R. C. P. 2327(2), (4), had a proper petition been filed.

Without deciding the other legal consequences, if any, of the writing of November 5, 1956, it is clear that it was not, in itself a conveyance. The deed of November 5 clearly created a tenancy by the entireties in Frank and Clara. The deed itself recited that the express purpose of the conveyance was the creation of this tenancy. Had the deed contained the limitation imposed by the separate writing or incorporated its terms in some legally acceptable manner, a different question would be presented. Therefore, taking the factual allegations of the complaint as admitted for the purpose of disposing of the preliminary objections (Bechak v. Corak, 414 Pa. 522, 201 A. 2d 213 (1964)), when Clara died, title vested in Frank by operation of law. When he died, the subject property became an asset of his estate.

Appellees contend that even if the property is an asset of decedent's estate, the Orphans' Court of Washington County has only concurrent jurisdiction to determine title to the real estate and that the court of common pleas properly has jurisdiction over this dispute.

Assuming, for the moment, that a question of title is here involved, §302 of the Orphans' Court Act of 1951, August 10, P. L. 1163, §302, as amended, 20 P.S. §2080.302 (Supp. 1963), does vest in the orphans' court concurrent rather than exclusive jurisdiction to determine title to real estate of a decedent. However,

this controversy should be before the orphans' court, the jurisdiction of which attached first by virtue of the granting of letters of administration on September 27, 1963, prior to the filing of the instant action. "It is well-established that orderly judicial procedure dictates that the court which first acquires jurisdiction over a matter be permitted to decide all questions relating thereto." *Binenstock Trust,* 410 Pa. 425, 430, 190 A. 2d 288, 291 (1963).

Holding as we do that the subject property is an asset of decedent's estate, at least for purposes of administration, the grant of letters by the register of wills is a judicial function, *Schulz Estate,* 392 Pa. 117, 139 A. 2d 560 (1958), and is but the first step in the administration and distribution of a decedent's estate by the orphans' court.

For the purpose of the limited issue before us, the Orphans' Court of Washington County first acquired jurisdiction over decedent's assets, and all matters pertaining thereto should be directed to its attention.

Moreover, under the circumstances of this case, still assuming a question of title is involved, the orphans' court is the more appropriate forum in which to achieve a determination of all questions. See *Johnson v. Trustees of the General Assembly,* 408 Pa. 31, 182 A. 2d 725 (1962).

However, as we view this case, on the pleadings before us, the issue is really not one of title to the property, because it is clear that record title was in the decedent at the time of his death. The more relevant matter is one of administration of his estate and distribution of its assets over which the orphans' court has exclusive jurisdiction. Orphans' Court Act of 1951, August 10, P. L. 1163, §301, as amended, 20 P.S. §2080.301 (Supp. 1963).

The order of the court below dismissing the preliminary objections is reversed, and the complaint is

ordered dismissed without prejudice to appellees to assert any claim they may have in the orphans' court.

Order reversed.