## Hamilton Estate

*Francis W. Sullivan*, for petitioner.

*Alexander Osinoff* and *Jacob J. Kilimnik*, for respondent.

*Sydney C. Orlofsky*, for Western Life Insurance Company.

BURKE, J., November 25, 1966.—The question here presented arose out of the filing of preliminary objections to a petition for citation, in which it was alleged that the orphans' court lacks jurisdiction by reason of respondent's having instituted proceedings in the U. S. District Court prior to the filing of executors' account.

Wilbur H. Hamilton, testator, on November 3, 1961, procured two group life insurance policies from Western Life Insurance Company et al., nos. 3-1024 and 4-1024, certificate no. 000209. In both policies he named his estate as the beneficiary. The gross face value of the policies is $17,500.

On June 20, 1963, testator effected a pro tanto change of beneficiary in which he designated "OLGA A. NATOLI, CREDITOR, AS HER INTEREST MAY APPEAR; BALANCE, IF ANY, TO MARGARET K. HAMILTON, WILBUR H. HAMILTON, JR., AND BROAD STREET TRUST CO." (now Continental Bank and Trust Company), who were the named executors of his estate.

Testator died on July 22, 1964, and his will was probated in the Office of the Register of Wills of Philadelphia County on August 3, 1964, at which time petitioners were appointed as executors of the estate. On April 19, 1966, they filed their first account in this court.

On April 11, 1966, respondent (plaintiff) instituted

a civil action in the U. S. District Court for the Eastern District of Pennsylvania, civil action no. 40,100, against the Western Life Insurance Company et al., demanding payment of $17,500, being the full face amount of the policies. There has been no final disposition of that proceeding.

The insurance carrier had previously demanded that respondent establish her interest as a creditor, and she failed or neglected to satisfy this demand.

On December 7, 1964, the insurer, on a claim by executors, delivered a check in the amount of $17,500, made payable in exact accordance with the beneficiary clause of the policies. Respondent refused to endorse the check upon the promise of executors to set the fund aside pending a finding by the orphans' court of her interest in the policies. The custody of the check is retained by executors.

It is manifest that, under the insurance contract, the estate is the beneficiary of the policies, its interest being reduced by the amount of respondent's claim as and when established. Her status is that of a creditor of decedent, and we so conclude as a matter of law.

The reluctance of respondent to prove her claim as a creditor in accordance with the provisions of the policies is confirmed in her complaint filed in the district court, in which she demanded judgment for the full value of the policies as beneficiary. A copy of the complaint was incorporated in her paper book. Her complaint on its face is not in accord with the beneficiary provisions of the policies, and was an obvious attempt to circumvent her status as a creditor.

Respondent, Western Life Insurance Company, filed an answer and also raised new matter.

The question arises as to the court in which jurisdiction resides. As hereinbefore stated, testator's will was probated on August 3, 1964. In Tallarico v. Bellotti, 414 Pa. 535, 539 (1964) the court said:

618

"Holding as we do that the subject property is an asset of decedent's estate, at least for purposes of administration, the grant of letters by the register of wills is a judicial function, [citing a case], and is but the *first step in the administration and distribution* of a decedent's estate by the orphans' court". (Italics supplied.)

It is evident that the orphans' court has jurisdiction which vested prior to the suit filed in the district court. See Binenstock Trust, 410 Pa. 425, 430 (1963).

It is significant that in the district court proceeding, Judge Higginbotham entered the following order:

"It is further, finally, Ordered that, in any event, proceedings in this action shall be, and are hereby, stayed pending the outcome of the proceedings in the Orphans' Court of Philadelphia County; In Re: Estate of Wilbur H. Hamilton; No. 1459 of 1966; Will No. 2603 of 1964".

For the foregoing reasons, we conclude as a matter of law that the jurisdiction to resolve the controversy is vested in the orphans' court. The preliminary objections are dismissed, and respondent-claimant is directed to file an answer to the petition within 20 days hereof.