## First National Bank in Greensburg
## v. Rodgers

Before Weiss, P. J., Keim and Sculco, JJ.

*John W. Pollius, 3rd*, for guardian.

*Daniel J. Snyder*, for defendant.

*Scales & Shaw*, for intervenors.

KEIM, J., January 11, 1968.—This case comes before the court for consideration of the petition to intervene filed by George W. Ritenour, Kathryn Tinkey and Pauline Schott. George W. Ritenour and Kathryn Tinkey are the son and daughter of Anna May Ritenour, the incompetent, and Pauline Schott is the granddaughter of Anna May Ritenour.

In the original complaint filed in this case, the First National Bank in Greenburg, guardian of the estate of Anna May Ritenour, the incompetent person, requested that a deed to defendant, Mary Alice Rodgers, said deed being dated November 12th, 1964, be declared null and void, on the basis that Anna May Ritenour was incompetent at the time of the execution of the deed. Defendant filed an answer to the complaint and the matter is now at issue, but there has not been a hearing held.

A summary of the pertinent stipulations filed in this case shows that the three petitioners for intervention

would be heirs of incompetent upon her decease, and would be entitled to share in her estate under the laws of the Commonwealth of Pennsylvania. It is also stipulated between the parties that plaintiff in the above action has consented to the intervention.

The basic question to be decided in this petition is whether or not petitioners have sufficient interest and standing to be granted their prayer for intervention. Pennsylvania Rule of Civil Procedure No. 2327 provides, in its pertinent parts, as follows:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . .

"(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action".

It is well settled that the heirs or devisees of a deceased person have standing to maintain an action in equity for the cancellation of a deed or other instrument executed by their decedent prior to his death (Ringer v. Finfrock, 341 Pa. 419; Boyd v. Kilmer, 285 Pa. 533), and that such persons could intervene in a similar action by a third party under the provisions of Pa. R.C.P. 2327, set forth above.

However, in the present case, petitioners are not yet heirs, and there has been a guardian appointed for incompetent, Anna May Ritenour.

The court feels that the situation of petitioners is, however, analogous to that of heirs and devisees. By

the declaration of incompetency, there has been a fixed relationship created whereby Anna May Ritenour is rendered incapable of devising or disposing of her property in any manner, except upon action of her guardian. The action of the guardian in filing this complaint in equity initiated an action which would affect the interests of petitioners upon the death of Anna May Ritenour. If the action is successful, the estate of the incompetent will be increased, and petitioners would benefit thereby. Conversely, if the action is unsuccessful, the proportionate share of each of the individuals would be lessened.

Because of the analogous situation between heirs and devisees and of the petitioners who are in the position of future heirs of the present incompetent, we feel that the case of Tallarico v. Bellotti, 414 Pa. 535, is applicable to the present case. In that case, involving a quiet title action against the personal representative of an estate, the court held, in relation to decedent's widow, that she could intervene, because her share of the estate would be affected by the outcome of the case.

The interests of petitioners are at the present time only technically represented by the guardian of Anna May Ritenour, being the plaintiff in this case. It is certainly conceivable that the guardian could settle this case on the basis of a life interest being reconveyed to the estate of the incompetent person. This possible settlement would in no way protect the interest of petitioners, who would be adversely affected by such a compromise. We must, therefore, make a distinction between what is full and adequate representation and technical representation: 4(a) Anderson Pa. Civ. Pract. §2329.8.

Petitioners must be afforded the opportunity to protect their interests.