County of Dauphin, Appellant *v.* Pennsylvania Social Service Union, Appellee.

Argued June 6, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Reargued December 6, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DiSALLE.

*Robert L. Rubendall,* with him, of counsel, *Leonard Tintner; Berman, Boswell, Snyder & Tintner;* and *Metzger, Hafer, Keefer, Thomas & Wood,* for appellant.

*Stephen A. Sheller,* with him *Faye R. Cohen,* and *Pechner, Dorfman, Wolffe & Rounick,* for appellee.

OPINION BY JUDGE ROGERS, July 18, 1977:

In March 1974, the County of Dauphin entered into a collective bargaining agreement with the Pennsylvania Social Service Union which provided reimbursement for the use by employees of their personal automobile at the rate of 14¢ per mile with an escalation clause based on the cost of gasoline. By November 1975, the agreement being still in effect, the effective rate of reimbursement for the use of automobiles was 18¢ per mile.

By the Act of May 31, 1974, P.L. 308, effective immediately, the General Assembly added a Section 414 to The County Code.[1] The new provision was as follows:

> All county officials and employes may, when authorized by the county commissioners, be reimbursed at the rate of twelve cents (12¢) per mile for the use of their personal vehicle when discharging their official duties or performing a duty imposed upon them unless provisions of law require the payment of a higher rate.

Apparently, Section 414 was not brought to the attention of the Dauphin County Commissioners until November 1975 at which time they ordered that reimbursement thereafter would be at the rate of 12¢ per mile fixed by the statute. The Union filed a grievance which eventually came to an arbitrator who decided that the County was obliged to pay reimbursement at the rate fixed by the collective bargaining agreement, Section 414 notwithstanding. The County has filed a petition for appeal of the arbitrator's award pursuant

---

[1] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §101 et seq. Section 414 is at 16 P.S. §414.

to Pa. R.J.A. No. 2101. The Union has filed a motion to quash the petition and an answer.

The Union's motion to quash is founded on the County's failure to appeal within thirty (30) days from February 7, 1976, a date that appeared on a letter from the arbitrator sent to counsel. In this letter the arbitrator informed counsel that his award was that the employer must pay reimbursement at the rate fixed in the collective bargaining agreement. The arbitrator further wrote that he was communicating his award in advance of a formal decision because he had promised a prompt decision and that he "[did] not expect that the formal decision in this case will be ready for issuance for another ten (10) days to two weeks." Under date of February 16, 1976, the arbitrator issued his formal decision containing findings, an extended discussion and a final order. The County's appeal was filed on March 9, 1976 but not within thirty (30) days after February 7, 1976. We view the arbitrator's letter of February 7, 1976 as merely an advance and informal notice of what the award would be. Under the circumstances of the case, the County's appeal taken within thirty (30) days from the date of the formal decision was timely. We dismiss the motion to quash.

We must reverse the arbitrator's award on the merits. Counties are governmental agencies of the State which possess only those powers which are expressly or impliedly conferred by constitutional provisions or legislative enactments. Counties are not municipal corporations, as are cities, boroughs and townships, and counties may not legislate independently of the Commonwealth's declared policy. *Chester County v. Philadelphia Electric Company*, 420 Pa. 422, 218 A.2d 331 (1966).

The case of *Bechak v. Corak*, 414 Pa. 522, 201 A.2d 213 (1964), deals with reimbursement by counties of

travel expenses of its officers. There taxpayers of Beaver County sought to enjoin the payment of travel expenses to county commissioners, a county controller and the county treasurer. Judge LAUB, the Chancellor, had preliminarily enjoined the payment of the expenses to all of these officers, who then appealed. The Supreme Court although noting The County Code provided that county commissioners and the county controller might be paid travel expenses, held that the injunction was properly granted because the payments were being proposed to be made in lump sums and without vouchers. Concerning the preliminary injunction with respect to payment to the county treasurer, Mr. Justice ROBERTS wrote for the Supreme Court as follows:

> With regard to the County Treasurer, the court below concluded, and correctly so, that: 'There is no provision in the Code, however, for the payment of expenses to the County Treasurer except for attendance at State Association meetings, and our attention has been called to no other authorizing statute.'
>
> In the absence of any express or implied authority in The County Code permitting the monthly expense vouchers for mileage traveled by the treasurer, his filing a monthly voucher and his receipt of public funds for expenses is clearly contrary to law.

414 Pa. at 527-28, 201 A.2d at 215-16.

General law, *Bechak v. Corak, supra,* establishes that the county has power to pay expenses only when and to the extent that the Legislature has granted that power. It is not disputed that there was no legislative grant of power to counties to pay any employees' travel expenses before Section 414 authorized such reimbursement at the rate of 12¢ per mile in May 1974.

The Union agrees that Section 414's reference to 12¢ per mile established a maximum and is not merely a floor. Its argument is that the phrase "unless provisions of the law require the payment of a higher rate" authorizes a higher rate than the 12¢ per mile statutory maximum to be established by a collective bargaining agreement enacted pursuant to the Public Employe Relations Act (PERA).[2] The fallacy in this contention lies in the fact that it is not PERA or any other provision of *law* which establishes the 18¢ per mile reimbursement contended for, but a provision of a collective bargaining agreement. A holding that a term of a collective bargaining agreement is itself a provision of law would contravene Section 703 of PERA, 43 P.S. §1101.703, which forbids the parties to a collective bargaining agreement to implement a term of the agreement which violates or is inconsistent with a statute.[3] Since, as the Union concedes, Section 414 of The County Code establishes a maximum of 12¢ per mile reimbursement, the provision of the collective bargaining agreement fixing reimbursement at higher rates is inconsistent and in conflict with and its implementation would violate Section 414 of The County Code.

Since we have concluded that the provision of the collective bargaining agreement if implemented would violate the statute referred to, it is not necessary to discuss other Union arguments except to remark that we have used Section 703 of PERA exactly as the language of *P.L.R.B. v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975), quoted in the Union's brief requires; that is, as prohibiting the im-

---

[2] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

[3] The collective bargaining agreement between the Union and the County contains a provision similar to Section 703.

plementation of agreements which violate or are inconsistent with statutory directives.

Accordingly, we enter the following

ORDER

AND Now, this 18th day of July, 1977, it is ordered that the award of the arbitrator here appealed from, issued February 16, 1976, be and it is hereby set aside.

---

OPINION BY JUDGE ROGERS, February 27, 1978:

At *County of Dauphin v. Pennsylvania Social Service Union*, 33 Pa. Commonwealth Ct. 456, 375 A.2d 1353 (1977), we set aside the decision of an arbitrator that the County of Dauphin was required to reimburse Union members for the use of their personal cars at a rate fixed in the collective bargaining agreement between the County and the Union although the rate fixed in the agreement was higher than the maximum rate authorized by a State statute. As reference to our opinion will show, we decided that Section 414 of the County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §414, authorizing counties to reimburse county officials and employes for car use at the rate of twelve cents (12¢) per mile, established a legal maximum and that the collective bargaining agreement providing for reimbursement at a higher rate violated or was inconsistent with Section 414 and was therefore unenforceable, as declared by Section 703 of the Pennsylvania Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.703.[1]

---

[1] Section 703 of PERA provides that "the parties to a collective bargaining agreement shall not effect or implement a provision in a collective bargaining agreement if the implementation . . . would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly. . . ."

The Pennsylvania Social Service Union filed a petition for reargument contending that we had failed to observe the Supreme Court's holding that:

[I]tems bargainable under section 701 are only excluded under section 703 where other applicable statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to that specific term or condition of employment.

*Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 510, 337 A.2d 262, 270 (1975).

We reproduced, and expounded at some length on, Section 414 of the County Code in our earlier Opinion and there is no reason to do either again. Although we remain of the opinion that Section 414 of the County Code establishes a maximum rate of reimbursement, we find nothing in Section 414 or any other statute which "explicitly and definitively" prohibits the County of Dauphin from making an agreement for reimbursement at a higher rate. Indeed, the phrase "unless provisions of law require the payment of a higher rate," with which Section 414 concludes, authorizes other provisions of law by which different and higher rates might be fixed. It is not unreasonable to view Section 701 of PERA authorizing collective bargaining with respect to terms and conditions of employment as such a provision of law. We must vacate our previous Order and enter a new one, as follows:

### ORDER

AND Now, this 27th day of February, 1978, we vacate our Order of July 18, 1977 reversing, and hereby affirm the award of the arbitrator appealed from, issued February 16, 1976.