## Turkeyfoot Valley Area School District v. Turkeyfoot Valley Education Assn.

*Eugene E. Fike, II,* of *Fike, Cascio & Boose,* for plaintiff.
*William K. Eckel,* for appellee.

SHAULIS, *J.,* April 4, 1979—This matter is before the court on the appeal of Turkeyfoot Valley Area School District from an arbitration award in favor of appellee, Turkeyfoot Valley Education Association.

## FACTS

Pursuant to a collective bargaining agreement in effect between the Turkeyfoot Valley Area School District and Turkeyfoot Valley Area Education Association, a grievance was filed by the association relative to the refusal by the district to pay certain longevity bonuses referred to in article XI of the collective bargaining agreement. The parties selected William C. Stonehouse, Jr. to act as arbitrator and an arbitration hearing was held on September 18, 1978. The arbitrator sustained the grievance of the association and directed the district to make certain longevity bonus payments by award dated December 7, 1978. The district filed a timely appeal asking this court to reverse the arbitrator's decision.

The district had been paying these longevity bonus payments to professional employes until such time as the Pennsylvania Auditor General's office cited the district for paying the bonuses. The Auditor General's office claimed that the district was not authorized by the School Code to make the payments and requested the district to stop paying them. This citation from the Auditor General put the district in a dilemma and it stopped paying the bonuses to the professional employes, hence the filing of the grievance.

## DISCUSSION

The appellee filed a brief in addition to oral argument and we agree with the brief and adopt it as the opinion of this court as follows:

The Judicial Code provides that the common pleas court shall have jurisdiction of petitions for review of an award of arbitrators appointed in conformity with a statute to arbitrate a dispute between a government agency, except a Commonwealth agency, and an employe of such agency: Act of July 9, 1976, P.L. 586, sec. 933, added April 28, 1978, P.L. 202, sec. 10(12), effective June 27, 1978, 42 Pa.C.S.A. §933(b). The Public Employe Relations Act, hereinafter called Act 195, provides in section 903 that: "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." Act of July 23, 1970, P.L. 563, art. IX, sec. 903, 43 P.S. §1101.903.

The Pennsylvania Supreme Court has held that the Arbitration Act of 1927 provides the standards of judicial review for arbitration awards such as the one in question. Section 10 of the Arbitration Act of 1927 provides for grounds upon which the court could rest its decision to vacate an arbitration. These grounds are as follows:

"(a) Where the award was procured by corruption, fraud, or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evi-

dence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made." Act of April 25, 1927, P.L. 381, sec. 10, 5 P.S. §170.

Section 11 of the Act of 1927 sets forth the following grounds upon which the court could rest its decision for modifying or correcting an arbitration award. These grounds are as follows:

"(a) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

"(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

"(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." Act of April 25, 1927, P.L. 381, sec. 11, 5 P.S. §171.

The Supreme Court holding that these sections of the Arbitration Act of 1927 apply to petitions for review or arbitration awards in public employer cases is set forth in the case of Community College of Beaver County v. Community College of Beaver County, Society of the Faculty, 473 Pa. 576, 375 A. 2d 1267 (1977). The college had filed a petition

for review of the arbitrator's decision in the Beaver County case pursuant to Pa.R.J.A. 2101. The Supreme Court pointed out that that rule had been superseded by Rule 703 of the Rules of Appellate Procedure and by Rule 247 of the Rules of Civil Procedure: 493 Pa. 583, 375 A. 2d 1270. The Judicial Code, supra, now provides the jurisdictional authority for such petitions for review in 42 Pa.C.S.A. §933(b). The Supreme Court approved of the "essence" standard of review which had been adopted by the Commonwealth Court. The court stated at 473 Pa. 590, 375 A. 2d 1274, as follows:

"In Brownsville Area School District v. Brownsville Education Association, 26 Pa. Cmwlth. 241, 244, 363 A. 2d 860, 862 (1976), [the Commonwealth Court], speaking through President Judge Bowman, held that—'An arbitrator's award in a labor dispute is legitimate "so long as it draws its essence from the collective bargaining agreement." [Citations omitted.]'"

The Supreme Court also stated in the Community College of Beaver County case at 473 Pa. 593, 375 A. 2d 1275, as follows:

"To state the matter more precisely, where a task of an arbitrator, PERA or otherwise, has been to determine the intention of the contracting parties as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention . . .' Ludwig Honold Mfg. Co. v. Fletcher, 405 F. 2d 1123, 1128

(3d Cir. 1969). It was this approach which was meant to be suggested by the brief statement in International Brotherhood of Firemen and Oilers, quoted supra, that 'The arbitrator's interpretation of the contract must be upheld if it is a reasonable one.' 465 Pa. at 366, 350 A. 2d at 809."

As to what was a question of fact, the Supreme Court stated in the Community College of Beaver County case that ". . . it is clear that the arbitrator in all cases in which interpretation of the collective bargaining agreement is called for is deciding a factual question: what the parties intended." 473 Pa. 593, 375 A. 2d 1275.

The Supreme Court followed the Community College of Beaver County decision in the case of Lewisburg Area Education Association v. Board of School Directors, Lewisburg Area School District, 474 Pa. 102, 376 A. 2d 993 (1977). In that case the Supreme Court applied the test as to whether or not the award of the arbitrator was rationally derived from the agreement in defining the standard of review to be applied to said cases. In that case, the arbitration award was upheld. The Community College of Beaver County case was also followed in the case of County of Allegheny v. Allegheny County Prison Employees Independent Union, 476 Pa. 27, 381 A. 2d 849, 850 (1977). The Supreme Court pointed out that Act 195 in section 903, 43 P.S. §1101.903, requires the submission to arbitration of public employe grievances arising out of the interpretation of the provisions of a collective bargaining agreement: 476 Pa. 31, 381 A. 2d 851. See also the case of Leechburg Area School District v. Leechburg Education Association, 475 Pa. 413, 380 A. 2d 1203 (1977).

The cases cited hereinabove clearly set forth the standard of review to be applied by the court in deciding the petition for review filed by the School District. The standard of review must now be applied to the award of William C. Stonehouse, Jr. The grievance filed by the association alleged that the district was breaching the collective bargaining agreement when it failed to make payment of a longevity bonus to those employes who met the years of service requirements as set forth in article XI of the agreement. The district's response to this grievance was that it could not make such payments since the Office of the Auditor General of the Commonwealth of Pennsylvania had declared such payments to be improper under section 1151 of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1151, and that such payments would then be in conflict with section 703 of the Public Employe Relations Act.

Article XI, entitled "Longevity Bonus" of the collective bargaining agreement provided as follows:

"Any member of the bargaining unit who has completed ten consecutive years of service as a professional employee in the District shall be entitled to receive in May of the eleventh year of service, a bonus of $100.00; any member who has completed fifteen consecutive years of service in the District shall be entitled to receive in May of the sixteenth year of service, a bonus of $150.00; any member who has completed twenty (20) consecutive years of service in the District shall be entitled to receive in May of the twentieth year of service a bonus of $200.00; any member who has completed twenty-five (25) consecutive years of service in this District shall be entitled to receive in May of the twenty-sixth year of service, a bonus of $250.00; and any

member who has completed thirty (30) consecutive years of service in the District shall be entitled to receive in May of the thirtieth year, a bonus of $300.00. It is expressly understood and agreed that such bonuses are not, and shall not become, part of "pay" or "salary" for purposes of determining increments, steps, or any type of salary increase; and that each bonus is paid once, and only once, to any one member of the bargaining unit, and only in the year specified above for payment."

Arbitrator Stonehouse decided that the provisions of the agreement were clear and unambiguous in that employes who attained certain years of continuous service were entitled to be paid longevity bonus payments as part of their overall compensation and that the district had violated the agreement by failing to make those payments. In responding to the school district's argument that such payments would be illegal, the arbitrator found that section 1151 of the Public School Code, supra, does not prohibit payments of such longevity bonuses and that there was no statutory prohibition against the district making such payments.

In reference to the illegality argument of the school district, section 703 of Act 195 provides as follows: "The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania . . ." 43 P.S. §1101.703.

Justice Manderino held in the case of Leechburg Area School District v. Leechburg Education Association, supra, 475 Pa. 418, 380 A. 2d 1205, that the

award must stand if, inter alia, "the arbitrator's award is not contrary to any legislative enactment . . ." In deciding a related question as to the effect of section 703 of Act 195 on which items are bargainable under section 701 of Act 195, the Supreme Court held that "items bargainable under section 701 are only excluded under section 703 where other applicable statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to that specific term or condition of employment." PLRB v. State College Area School District, 461 Pa. 494, 510, 337 A. 2d 262, 270 (1975). The Commonwealth Court relied on the State College case in a review of arbitration award situation when it upheld an arbitration award and stated that it found nothing in any statute which "'explicitly and definitively' prohibits the County of Dauphin from making an agreement for reimbursement at a higher rate." County of Dauphin v. Pennsylvania Social Service Union, 33 Pa. Commonwealth Ct. 456, 463, 375 A. 2d 1353, on reargument 33 Pa. Commonwealth Ct. 456, 382 A. 2d 999, 1000 (1978). The district cannot rely upon a mere statement from the Office of the Auditor General which states that payments such as those involved in the instant case are improper as the basis for its argument that the award cannot be enforced or upheld because it is illegal. As the cases set forth herein establish, there must be a statutory prohibition which would "explicitly and definitively prohibit" the school district from making such payments in accordance with the arbitrator's award.

We conclude that the arbitrator's award is based upon an interpretation of the collective bargaining agreement and that the award clearly draws its

essence from the collective bargaining agreement and that the payments as directed by the arbitrator would not be prohibited by any specific statutory prohibition.

### ORDER

Now, April 4, 1979, the appeal of Turkeyfoot Valley Area School District from the award of the arbitrator is dismissed at the costs of appellant.