## Landerman, Appellant, *v.* Churchill Area School District.

Argued March 20, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael Hahalyak,* with him *David Rainero,* for appellant.

*J. Robert Maxwell,* with him *Gerald W. Weaver,* and *Maxwell, Huss and Weaver,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 27, 1964:

Edgar Landerman, Patricia K. DeRoy and Julia R. Zagorac, individually and on behalf of others similarly situated, filed a complaint in equity seeking a mandatory injunction against the Churchill Area School District and various persons, in their individual capacities and as School Directors of the Churchill Area School District, Allegheny County, Pennsylvania.

The complaint alleges that plaintiffs pay school taxes to the Churchill Area School District where their minor children attend school. Following further identification of all the parties, the complaint alleges: "In March of 1963, the said School Board voted to discontinue, in certain arbitrarily selected sectors of the said School District transportation to the students of said

School District who resided less than one and one-half miles from the various elementary and Jr. high schools and two miles from the high school within the said School District." There follows a description of the various highways, characterizing them as hazardous for children to walk upon, particularly in inclement weather, and as a threat to the safety of the students.

The complaint avers that the Engineer of Churchill Borough, a municipality within the School District, made a report relative to the "dangers and hazards which would result from the reckless decision of the School Board." The report is attached to the complaint. It is alleged further that the Commissioners of Wilkins Township, also a municipality within the School District, by letter, warned the School Board of the safety hazards which would result because of its action, and requested reconsideration and review of the issue.

Plaintiffs urge in their complaint that the board has never given any reason for its decision and that it is guilty of "fuzzy horse and buggy thinking." They seek the aid of a court of equity because the board applied not its discretion "but arbitrary will and caprice . . ." and because "the School Directors did not perform their duties intelligently in that they failed to fully familiarize themselves with the risks involved to the children; the said Directors accordingly failed to act in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in their personal business."

The complaint pleads lack of an adequate remedy at law and contends that the action of the Board violates Article X, §1 of the Pennsylvania Constitution which requires, in part, that the General Assembly shall provide for the maintenance and support of an *efficient* school system. Finally, the complaint pleads

that the Board arbitrarily and capriciously discontinued the transportation to the children contrary to the authority given to it by the Public School Code of 1949, March 10, P. L. 30, as amended, 24 P.S. §§1-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.

The relief sought is an injunction commanding the restoration of the service which was discontinued.

Both the School District and the individual defendants, for themselves and as school directors, filed preliminary objections which contain a demurrer, an allegation of lack of capacity and standing in the plaintiffs to sue, and a motion to strike the complaint because of scandalous and impertinent matter, irrelevancies, self-serving declarations and conclusions of law. The motion to strike also contains an allegation that the complaint pleads evidence and is lacking in sufficient facts to support the conclusions of law.

The individual defendants, for themselves and as school directors, by their preliminary objections, raise additional questions. They urge that the complaint fails to state any cause of action against them in their individual capacities. They contend that the complaint fails to allege any pecuniary loss to plaintiffs or that the School District has committed any waste. They raise the further issue that the complaint seeks future relief against certain school directors whose terms would soon expire.

Plaintiffs filed answers to the preliminary objections, but they are not material to the disposition of this case.

The court below sustained the preliminary objections and dismissed the complaint. This appeal by Edgar Landerman, alone, followed.

We need not pass upon all the points raised by the preliminary objections. It is obvious to this Court, as it was to the court below, that the complaint fails to allege any basis for equitable relief.

The Public School Code of 1949, March 10, P. L. 30, §1361, 24 P.S. §13-1361, provides: "The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the public schools and to and from any points in the Commonwealth in order to provide tours for any purpose connected with the educational pursuits of the pupils. They shall provide such transportation whenever so required by any of the provisions of this act or of any other act of Assembly."

In order for a court of equity to grant relief, it must clearly be shown that the school board acted outside the scope of its statutory authority or not in good faith. "It is only where the board transcends the limits of its legal discretion that it is amenable to the injunctive processes of a court of equity: Detweiler v. Hatfield Borough School District, 376 Pa. 555, 566, 104 A. 2d 110; Regan et al. v. Stoddard et al., 361 Pa. 469, 474, 65 A. 2d 240." *Spann v. Joint Boards of School Directors,* 381 Pa. 338, 349, 113 A. 2d 281, 287 (1955).

The burden of showing such a clear abuse of discretion is a heavy one. *Regan v. Stoddard,* 361 Pa. 469, 65 A. 2d 240 (1949); *Hibbs v. Arensberg,* 276 Pa. 24, 119 Atl. 727 (1923). Even assuming, as we must, that all well-pleaded allegations of fact (but not conclusions of law) in the complaint are admitted by defendants' preliminary objections, *Bechak v. Corak,* 414 Pa. 522, 201 A. 2d 213 (1964), plaintiffs have failed to allege facts sufficient to justify the intervention of equity into this controversy. A careful reading of the complaint as a whole discloses nothing more than that plaintiffs, with some support for their position, disagree with the judgment and decision of the school board. As stated by the court below, "The requested relief demonstrates beyond question that the entire

burden of this complaint rests on a difference of opinion between plaintiffs and the duly-elected school authorities as to which children in the district should be transported."

In the absence of sufficient allegations of fact to support the conclusion that defendants arbitrarily abused their discretion or otherwise acted contrary to law, the lower court properly sustained the preliminary objections and dismissed the complaint.

Decree affirmed. Each party to bear own costs.