Chester Township School District, Appellant, *v.* Chester School District.

Argued April 30, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis P. Connors,* for appellants.

*Jacob Sapovitz,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 27, 1965:

This appeal involves the interpretation of §1607 of the Public School Code of 1949, as amended, which provides in part: "Pupils residing in a school district in which no public high school is maintained may at-

tend, during the entire term, at the expense of the school district of which they are residents, the nearest or most conveniently located high school of such class as they may desire to attend, unless the board of school directors of the district of residence shall have assigned the pupils to a high school and adequate transportation is provided thereto." Act of March 10, 1949, P.L. 30, §1607, as amended, 24 P.S. §16-1607.

In 1963, defendant-appellee, The School District of the City of Chester, notified plaintiff-appellant, The School District of the Township of Chester, that beginning with the 1964-65 school term it would terminate its past practice of accepting into its high school pupils residing in the township district, which does not maintain a high school, even though these pupils desired, pursuant to §1607, to attend the city district high school. The township district and parents of §1607 pupils residing therein brought an action in equity to restrain the city district from carrying out its intention. The lower court decreed (1) that the city district had a duty to accept §1607 pupils who had already begun their education at its high school, (2) that it had no duty to accept §1607 pupils not theretofore enrolled, and (3) that the township district had to assign the rejected §1607 pupils to a district other than defendant's. Plaintiffs appealed from the latter two parts of the decree.

The narrow legal question raised on appeal is whether or not (granting that there is no high school in their school district, that defendant's high school is "nearest or most conveniently located" to them, and that their district has not assigned them elsewhere) defendant has a duty to accept pupils residing in the township district who choose to go to its high school. In our opinion, defendant has such a duty.

A reading of the statute indicates that if the Legislature had intended to require §1607 pupils to obtain

defendant's consent it would have expressly provided for the same. On the one hand, §1607 contains other express conditions on the pupils' choice but there is no mention of defendant's consent. On the other hand, in other situations involving attendance outside the school district of residence the Legislature expressly provided that the consent of the receiving district must be obtained. See §§1313 and 1608 of the Public School Code of 1949, supra.

The legislative history of §1607 strongly supports this construction. From 1905 to the enactment of the Public School Code of 1949 each successive provision regulating the subject of attendance at a high school in a district other than that of residence, when the district of residence does not maintain a high school, has expressly required the consent of the receiving district.[1] With the enactment of §1607 of the 1949 Code this requirement was deleted.[2]

In the face of this history appellee's argument, that even though a §1607 pupil has the right to choose its high school it has no corresponding duty to accept him, must fail. If appellee were correct the deletion of the consent proviso would have been a meaningless gesture. Further, §1603 of the Public School Code of 1949, su-

---

[1] See Act of March 16, 1905, P. L. 40, §1; Act of May 18, 1911, P. L. 309, §1707; Act of June 1, 1915, P. L. 672, §1; Act of April 7, 1925, P. L. 166, §2; Act of May 4, 1927, P. L. 687, §1; Act of June 1, 1933, P. L. 1152, §9.

[2] Arguably, the first sentence of §1608 as it was enacted in 1949, required consent in the 1607 situation. It provided: "Pupils wishing to attend a high school in a district other than the one in which they reside shall obtain the consent of the board of school directors of the district in which such high school is located before attending the same." But in 1959 the Legislature left no doubt as to its intent when it substituted the words "high school in the district" for "one." Thus, §1608 applies only to the situation arising when there *is* a high school in the pupil's district but he desires to attend one outside his district.

pra, provides: "In all school districts there *shall be admitted* to the public high schools *therein* all children, under the age of twenty-one years, *residing within the school districts,* who shall be found qualified . . . *together with such additional pupils from other districts* as are herein provided for." (Emphasis supplied).

If the history behind §1607 leaves any doubt as to the obligation of defendant §1603 dispels it.

We are well aware that in some circumstances a school district in defendant's situation may have valid reasons for not wanting to receive all the pupils from a neighboring district which has no high school, notwithstanding the fact that the latter district pays for the cost of their education. But the problem is essentially one of accommodation of the conflicting interests of the school district of residence and surrounding districts, the one that is "nearest or most conveniently located" and others to which it might *assign* pupils under §1607. The Legislature, in its wisdom, has chosen not to subject the pupil's education to uncertainty while the districts are resolving their conflicts. Rather, it has given the pupil in the district without a high school a place to attend with certainty. It is, of course, open to the districts to make some arrangement different than that chosen by the pupil. Whether they do so amicably or through the courts is their decision. But the courts can provide relief only in the extreme case where a clear abuse of discretion or an error of law can be shown. *Landerman v. Churchill Area School District,* 414 Pa. 530, 200 A. 2d 867 (1964); *Hibbs v. Arensberg,* 276 Pa. 24, 119 Atl. 727 (1923). Only such a showing under all the relevant circumstances—a heavy burden—could support that part of the decree directing the township school district to assign pupils to a high school other than defendant's. A review of the court's findings and opinion makes it clear that this part of the decree was a pro-

tective counterpart to the erroneous part of the decree that defendant had no duty to accept these pupils, rather than an order based upon an abuse of discretion by the township school district.

Accordingly, that part of the decree directing assignment by the township district, as well as that part respecting an absence of a duty on the part of the defendant to accept all §1607 pupils, are reversed.

Decree reversed. Costs on appellee.