## Schwartzmiller v. Pittsburgh School District

*Edward F. Urbanik,* for plaintiffs.

*Justin M. Martin* and *Bernard Markowitz,* for defendant.

LOUIK, J., June 19, 1972.—From the verdict for defendant in this action, tried before a judge without a jury, plaintiff has filed exceptions. This action is brought on behalf of a minor, James Schwartzmiller, by his parents, to recover from the School District of the City of Pittsburgh for tuition for James' attendance

at the Carlynton High School during the school year beginning September, 1970. The Schwartzmiller family lives in the East Carnegie area of Pittsburgh, more than two miles from the nearest public high school in the City of Pittsburgh, but less than two miles from the high school in the Carlynton District.

In June of 1970, James finished his elementary education at East Carnegie Elementary School.

For his secondary education, he was assigned to Langley High School in the City of Pittsburgh, a school more than two miles distant from the residence of the child. Prior to 1969, it was the practice of the Pittsburgh School District to send children from this area to the Carnegie School District. In 1969, the Carnegie School District was merged into a new district known as the Carlynton School District. The agreement between Carnegie School District and the Pittsburgh School District with respect to the residence of the East Carnegie area was then terminated. The position of the newly merged school district was that it would agree to take only those students from East Carnegie that were selected by them, but would not enter into any agreement with the Pittsburgh School District to accept all of the students from the East Carnegie area. The Pittsburgh School District refused to enter into such an agreement because it decided that either all or none of the eligible East Carnegie students should attend the Carlynton High School.

In light of the problems it was having with Carlynton, the Pittsburgh School District decided that James, together with all other graduates, would be assigned to the closest Middle School, that is Langley High School. Langley is located more than two miles from the Schwartzmiller home by the most direct public highway. By public transportation on the Port Authority Transit bus, this ride would require one trans-

fer. Dissatisfied with the board's choice of school for their child, it appears the Schwartzmillers withdrew James from Langley on or about September 3, 1971, a few days before school would start. Meanwhile, defendant, Pittsburgh School District, stood ready to provide a free pass on the Port Authority Transit bus so that James would have transportation between his home and Langley High School. James was sent to Carlynton High School by his parents, and it is they who bring this action, after much correspondence with the board, to recover the tuition that they paid to Carlynton for James' schooling.

The position of plaintiff is that defendant school district failed to comply with the provisions of the school code by not providing free transportation and that, therefore, since plaintiff's parents sent their son to another school, the Pittsburgh School District is obligated to reimburse plaintiffs for such tuition. Implicit in this contention is that, assuming that the school board does not comply with the statutory requirements, plaintiff's parents can decide for themselves where to send their child to school and require the school district to pay such tuition. Defendant School District, on the other hand, contends that it did provide free transportation in accordance with the provisions of the Public School Code and, furthermore, that plaintiffs have no standing to bring this action for reimbursement of tuition. The questions, therefore, before the court are:

1. Has defendant school district complied with the Public School Code requiring the providing of free transportation?

2. May the parents send their child to another school district without the consent of defendant school district?

3. Do plaintiffs have standing to bring this action?

In matters dealing with the education of children within the district, the school board has broad discretion. That is, it may exercise judgment incidental to the proper performance of the duty delegated to it: Lamb v. Redding, 234 Pa. 481, 484, 83 Atl. 362 (1912). When the discretion of the school board is challenged, "A court will not review the actions of a governmental body or administrative tribunal involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power . . . does not make it wholly immune from judicial review, but the scope of that review is limited": Blumenschein v. Pittsburgh Housing Authority, 379 Pa. 566, 109 A.2d 331 (1954), quoted in Edgewood Borough School District Appeal, 445 Pa. 343, 285 A.2d 880 (1971).

"Abuse of discretion does not, as a rule, come from unwise acts or mistaken judgment, but generally springs from improper influences, as disregard of duty, or a violation of law": Hibbs et al. v. Arensberg et al., 276 Pa. 24, 26, 119 Atl. 747 (1923), quoted in Allen et al. v. Uniontown Area School District, 4 Comm. Ct. 183, 188 (1971). Therefore, even if the court should have a difference of opinion as to the wisdom of the board's discretion, the court would not be empowered to substitute its opinion to that of the board.

This court is presented with the decision of the board to send James Schwartzmiller to school within the district, rather than to a more convenient school outside the district. A choice was precipitated by a lack of agreement between the two school districts. The Pittsburgh School District's decision that it did not want to allow the Carlynton School District to pick

and choose its East Carnegie students, has not been shown to have gone beyond the scope and propriety of the board's discretion. Plaintiff cites Chester Township School District v. Chester School District, 418 Pa. 294, 210 A.2d 506 (1965), for the proposition that a pupil's education will not be subject to uncertainty while the districts are resolving their conflict. That cited case can easily be distinguished from the situation which is before the court. In the Chester case, the district in which plaintiff lived had no high school for the child to attend. If the child could not attend high school in defendant school district, he would be unable to attend any high school. But because of disputes between the two districts, the child was refused admission to high school. The court held that the student had to be admitted.

Herein, we are presented with a different problem, one in which there is not the risk that while school districts are resolving their differences, the pupil will have no place to go to school. This court, therefore, finds no abuse of discretion in the decision to send James Schwartzmiller to Langley High School.

Having validly made that decision, the school board then had to follow section 1310 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §13-1310, which provides:

"Whenever any child or children of compulsory school age have their residence more than two (2) miles by the nearest public highway from the school within the district to which they have been assigned, and free transportation for such child or children to a school within the district is not provided, and there is a school in session in some other district in the Commonwealth within two (2) miles by nearest public highway of the residence of such child or children, the board of school directors shall, with the consent of the

board of school directors of such other district, re-assign such child or children to such school in the other district, and shall pay to said district the tuition charge provided for by this act."

As inadequacy of transportation gives the parent the right to send his child to the school within the other district, School District of Canonsburg v. School District of N. Strabane Township, 14 Wash. Co. 28 (1931), the School District of the City of Pitts-burgh had to supply James Schwartzmiller with adequate transportation to Langley High School or become liable for his tuition to Carlynton High School. The school officials are charged with the duty to edu-cate; therefore, official knowledge is imputed to them of the necessity to provide transportation or tuition. At the same time, the school district need not do a use-less act. As official knowledge was imputed to the school district of James' withdrawal from Langley on September 3rd, it would have been a useless act to have tendered transportation to a student they knew would not be going to that school. In spite of James' with-drawal, the school district stood ready to tender trans-portation if James would have enrolled in Langley High School.

The transportation that the school board stood ready to tender was a pass to ride Port Authority Transit buses at no charge to the student to and from school. This trip to Langley required a change of buses at a point within the city where the school board had not set up a shelter.

Where some transportation is provided, payment of tuition is not required unless that transportation is statutorily inadequate: Martin v. Garnet Valley School District, 441 Pa. 502, 272 A.2d 913 (1971).

Proper free transportation, as described by section

1362 of the Public School Act of March 10, 1949, 24 PS §13-1362, may be by public or private conveyance:

"The free transportation of pupils, as required or authorized by this act, or any other act, may be furnished by using either school conveyances, private conveyances, or electric railways, or other common carriers, when the total distance which any pupil must travel by the public highway to or from school, in addition to such transportation, does not exceed one and one-half (1-1/2) miles, and when stations or other proper shelters are provided for the use of such pupils where needed. All private motor vehicles employed in transporting pupils for hire shall be adequately covered by public liability insurance in such amount as the board of school directors shall require."

However, plaintiff contends the transportation by common carrier does not constitute adequate transportation. He states that only school buses can be employed to provide transportation to children to and from school. The Kennett Consolidated School Case, 3 Chester 32 (1946), determined that the failure to provide buses of the school district was not proof of the failure to provide proper transportation.

The cases cited by plaintiff with respect to the necessity of shelter all involve schools in rural areas, and are not in any way related to modern means of transportation. The setting for the ride herein to and from school is within a large urban area. The hazards to which the Schwartzmiller child is subject are no worse than the risks that thousands of people endure every day in using the facilities of the common carrier. This is not to say that the statutory requirement of shelter is not to apply in urban areas. It is to say, however, that the statute is designed to protect the awaiting school children from the perils of the elements.

A child can seek shelter by going into a store or into the doorway of a building. Moreover, the requirement of shelter is tempered by the circumstances, the ability of the school district to provide shelter. It would be unreasonable to expect the school district of the City of Pittsburgh to independently provide shelter at every place where students await the Port Authority or school bus. Not only would it be too expensive, but also a wasteful duplication of shelters already provided by the very nature of our urban environment. There is no showing that there is a total absence of safe places for plaintiff child to await the bus. Neither is there even any showing that he was exposed to the elements at the place where he has to change buses on his way to Langley High School.

There being no evidence whatsoever as to any abuse of discretion, the court is bound by the determination of the school board not to reassign the child plaintiff to another school district. The court is bound by the determination of defendant school district to assign the child plaintiff to a school within its own district, subject only, however, to the requirements that the school district comply with the provisions of the statute with respect to free transportation by providing or offering to provide to the child plaintiff a pass on a modern public transportation system.

Having concluded that defendant school board has not abused its discretion and has met the statutory requirements with respect to transportation, it is unnecessary for the court to determine what rights plaintiff's parents might have if defendant school district did not comply with the statutory provisions, nor does this court reach the issue of whether the parents of plaintiff child are the proper parties to bring suit for reimbursement of tuition paid by them.

For the foregoing reasons, exceptions of plaintiff are denied.

## ORDER

And now, to wit, June 19, 1972, upon consideration of the exceptions filed by plaintiffs, it is hereby ordered, adjudged and decreed that said exceptions be and the same are hereby denied.