## Transportation of Kindergarten Children

PACKEL, *Attorney General,* November 13, 1974—You have asked us whether a school district which provides a kindergarten program has a legal obligation to transport kindergarten children to and from their kindergarten classes. In addition to this broad inquiry, you have also raised the following questions:

(1) If the board of school directors provides only "one-way" transportation to or from kindergarten classes for public school pupils, is this action unreasonably and unlawfully discriminatory in that other public school pupils are given "round-trip" transportation both to and from their classes?

(2) If transportation is provided to kindergarten children in public schools, must the board of school directors provide identical services to pupils in nonpublic schools?

(3) May the board of school directors terminate pupil transportation services as a result of changed financial or other circumstances?

Section 503 of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 PS §5-503, states: "When established, the kindergartens shall be an integral part of the elementary school system of the district." The plain meaning of these words appears to be free from all ambiguity. The legislature clearly intended to make kindergarten classes a constituent part of the public school system and to place kindergarten pupils on an equal footing with other public school pupils.

However, in addressing itself to the question of pupil transportation in the Act of December 29, 1972, P.L. 1154 (No. 372), the legislature made reference to three distinct classes of pupils as follows:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the *kindergarten, elementary school, or secondary school* in which he is lawfully enrolled,": 24 PS §13-1361 (emphasis supplied).

It is not clear from the quoted language of Act 372 whether the legislature intended to permit these three segments of the pupil population to be treated differently by the board of school directors, i.e., distance and safety factors would be evaluated and weighed more or less heavily when establishing transportation services for younger children.

It is clear from the totality of the language of the act that the legislature was explicitly authorizing an expenditure of school district funds to provide free transportation for resident pupils to and from public and nonpublic schools (as defined in the act), 24 PS §13-1361, and made such expenditures subject to partial reimbursement by the Commonwealth of Pennsylvania: 24 PS §25-2541(a) and (c) (1).

In considering Act 372 in its entirety, it appears that the authority of the school directors to provide transportation services to any one class of public school students within the district is discretionary. The directors may provide transportation services or may choose not to provide such services. It is also within the discretion of the directors to provide the transportation services to one class of students and not to another, i.e., busing may be provided for elementary school children and not to kindergarten or secondary school pupils. Or, in the case of a secondary school or schools, situated at some distance from the geographic center of the district, the directors may decide to provide transportation for pupils attending this school or schools and not to kindergarten or elementary pupils.

The transportation statute cited above makes specific reference to "transportation . . . to and from the kindergarten, elementary school or secondary school." From this, it would appear that the legislators were addressing themselves to "round-trip" transportation services. However, since the authority to provide public school transportation is discretionary with the directors and since there is additional language in Act 372 referring to mileage, distance, and hazardous walking conditions, 24 PS

§13-1362, it is reasonable to infer that the legislators intended the following:

(a) School directors have the discretion to provide transportation services to public school pupils.

(b) School directors have the discretion to provide transportation services to one segment of the public school population and withhold it from all other segments.

(c) Transportation services may be "to and from school" but this language is not mandatory and is used in the context of a sentence that begins with a permissive clause.

However, discretionary power vested in a board of school directors is not unlimited and if a board is guilty of a clear abuse of discretion or purely arbitrary action contrary to the public interest, such action is subject to review by the courts: Myers v. Newtown Township School District, 396 Pa. 542, 153 A. 2d 494 (1959).

The Supreme Court of Pennsylvania has said:

"The school director's office is important; the director must familiarize himself with the elements of the questions to be solved in order that he may perform his duties intelligently; where the statute vests him with discretion, he must act in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in their personal business affairs.": McLaughlin v. Lansford Borough School Dist., 335 Pa. 17, 6 A. 2d 291 (1939).

School directors, entrusted by the legislature with the care of pupil-passengers and the custody of public property, have the duty to take reasonable measures for the safety and protection of both. In this regard, the reasonableness of their actions is to

be determined from a consideration of all the circumstances culminating in a decision to provide or deny transportation services to kindergarten pupils. A bare minimum of care would impose a duty to consider the safety of such pupils before considering the cost of transportation services. The purpose of school transportation laws is to provide for the safety and welfare of school children. If school directors can attest to the reasonableness of their actions, to a careful consideration of their duty to all pupil-passengers in their care, and to a compelling interest in limiting the expenditure of district funds, then the conclusion can be drawn that there is no mandatory obligation on the part of school districts to provide transportation services to kindergarten children under the statute as written.

In light of the foregoing, the questions you have asked may be answered as follows:

(1) If the board of school directors provides "round-trip" transportation to public school pupils in grades which are in continuous session in the morning and afternoon, does the board discriminate against kindergarten children who attend half-day sessions by providing only "one-way" transportation for these pupils?

No. Act 372 specifically distinguished between "kindergarten, elementary or secondary school" and there is no language in the statute which requires the board to treat each of these segments in an "identical" manner.

(2) If transportation is provided to kindergarten children in public school, must the board of school directors provide identical services to pupils in nonpublic schools?

Yes. Act 372 requires that nonpublic school children be provided with identical transportation serv-

ice. See 24 PS §13-1361 and Official Opinion no. 61 Attorney General of State of Pennsylvania, 3 Pa. B. 1809 (1973).

(3) May the board of school directors terminate busing services as a result of changed financial or other practical circumstances?

Yes. There is nothing in the statutory language which commits the district to the continued rendering of transportation services for an indefinite term of years. However, the school board should be careful to give adequate notice when terminating an existing program of transportation services.

(4) If the board of school directors provides "one-way" transportation to kindergarten classes for public school pupils, must the district provide "round-trip" transportation to nonpublic school children?

No. Act 372 allows the board of school directors to use its discretion in deciding whether transportation will be provided, the segment of the school population to be transported and the extent of the transportation service. If "one-way" transportation is provided to one class of public school pupils, the district is only obligated to provide one-way transportation to nonpublic school pupils in the same class or grade level.

(5) Does the board of school directors in providing "one-way" transportation discriminate against pupils whose parents cannot provide transportation to complete the "round-trip"?

No. The board of school directors is not discriminating against any class of pupils in the district (public or nonpublic) if it provides the same transportation service to all pupils within a single class, grade or group of grades. The fact that the board of school directors buses only kindergarten children does not discriminate against pupils in

other grades. The presumption in favor of the local school board is whatever transportation services are provided are being provided because they are necessitated by considerations of distance and safety and they are within fiscal capability of the district. Absent a showing of arbitrary decision-making, a clear abuse of discretion, or actions contrary to the law, there is no inherent discrimination in providing transportation to one grade and not to another, and this decision is within the purview of Act 372: Landerman v. Churchill Area School District, 414 Pa. 530, 200 A. 2d 867 (1964).

In conclusion, the board of school directors, acting within the scope of its statutory authority and acting in good faith, may provide public school pupils with whatever transportation services it decides are necessary. Limited transportation services rendered to one grade or class of pupils within the public school system does not discriminate against other pupils in the public school system for whom no such services are provided. Having made the decision to transport public school pupils, the school board must then provide identical transportation services for nonpublic school pupils.