James T. Ulanoski et al., Appellants *v.* Jane A. Sheaffer et al., Appellees.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Stuart M. Bliwas,* for appellants.

*Jack M. Stover,* with him *R. J. Woodside, Shearer, Mette and Woodside,* and *Allan W. Holman,* for appellees.

OPINION BY JUDGE MENCER, July 29, 1980:

The Greenwood School District in Perry County was confronted with the problem of inadequate space at its elementary schools located in Millerstown and Liverpool. Two solutions to the problem were considered: (1) build one consolidated elementary school in Millerstown or (2) build a new school in Millerstown and renovate the school building in Liverpool.

In early 1977, the school board decided to have the taxpayers polled on this perplexing issue. Results showed 1,511 in favor of the two-school alternative and 1,188 in favor of the one-school alternative, but not all taxpayers participated in the poll, and the polling procedure triggered additional debate among the proponents of the two solutions under consideration.

As a consequence of the poll, Jack Cameron, the school board president, announced at the April 1977

board meeting that he was going to honor the poll results and vote for the two-school alternative, thus giving the two-school proponents a 5 to 4 majority on the board. In the primary election in May 1977, Rosemary Beaver contested the seat of Cameron, running as a proponent of the one-school solution. She won in the primary and, based on the history of Perry County elections, it became reasonably likely that, after the general election in November and the swearing in of a new school director in December, the Board would be 5 to 4 in favor of the one-school approach.

On October 4, 1977, the board voted to proceed with the two-school plan. Architects started preparing plans for construction. A month later Rosemary Beaver was elected and, at the beginning of December 1977, replaced Jack Cameron as a member of the board. On December 16, 1977, the newly constituted board rescinded the October 4, 1977 resolution and passed a resolution to build one consolidated elementary school in Millerstown.

The appellants here instituted an equity action in the Court of Common Pleas of the 41st Judicial District, Perry County Branch, against the school board and the superintendent, alleging that the board's rescission resolution of December 16, 1977 was illegal. The appellees here in due time moved for summary judgment on the pleadings, and the trial court granted the motion and dismissed the complaint. This appeal followed.

Our Supreme Court stated, in *Landerman v. Churchill Area School District*, 414 Pa. 530, 534, 200 A.2d 867, 869 (1964):

> In order for a court of equity to grant relief, it must clearly be shown that the school board acted outside the scope of its statutory authority or not in good faith. 'It is only where

the board transcends the limits of its legal discretion that it is amenable to the injunctive processes of a court of equity....' (Citations omitted.)

Only in those instances wherein arbitrariness, caprice, and wrongdoing characterize a board's act will a court interfere. Arbitrariness and caprice must not be confused with honest differences of opinion and judgment. *Dochenetz v. Bentworth School District*, 6 Pa. Commonwealth Ct. 173 (1972). Our examination of this record convinces us that the board's decision of December 16, 1977 to build one consolidated elementary school in Millerstown was not outside the scope of its authority. We have not been persuaded that there was a continuing legal obligation on the board to proceed with the two-school plan in accordance with its October 4, 1977 action.

The appellants have also contended that appellee Siffin, one of the five members voting in favor of the December 16, 1977 resolution, had not been administered the proper oath of office as of that date and therefore his vote should not have counted. However, this record establishes that Siffin executed a written oath of office on December 13, 1977, three days before the board's decision which is in question here. Therefore, this contention is without merit.

The appellants further contend that, since Rosemary Beaver had been a school director for only ten days at the time the December 16 resolution was passed, she had had insufficient time to duly deliberate and study the facts concerning the issue being voted upon and thereby acted capriciously when she voted for the one-school proposal. We also find this contention to be without merit. Upon becoming a member of the school board, Rosemary Beaver had the right and power to vote on matters submitted for board action, the same as any other member of the board. To con-

tend that she failed to give the hotly disputed issue proper thought and consideration is to ignore her running as a one-school proponent in the May 1977 primary election. Her public involvement in a resolution of the issue belies the contention that she did not familiarize herself with the facts concerning the issue prior to casting her vote.

The final contention raised on this appeal is that the board's decision on December 16, 1977 to build one school was illegal because the board had not consulted with the Perry County Planning Commission and the Liverpool Planning Commission and obtained their recommendations.[1]

Section 305 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10305, provides as follows:

> Following the adoption of a comprehensive plan or any part thereof by any municipality or county governing body, pursuant to public notice, any proposed action of the governing body of any school district located within the municipality or county relating to the location, demolition, removal or sale of any school district structure or land shall be submitted to the municipal and county planning agency for their recommendations at least thirty days prior to the execution of such proposed action by the governing body of the school district.

This section directs the school board to submit any proposed action of the nature here in question to the appropriate planning agencies for their recommendations at least thirty days *prior to the execution* of such proposed action. We do not deem the resolution adopted by the board on December 16, 1977 to be

---

[1] We note that the board's decision of October 4, 1977 to pursue the two-school alternative was not submitted to any planning agencies for their recommendations.

anything more than a decision to build a new elementary school. The *execution* of that proposed action would by necessity follow the adoption of the December 16, 1977 resolution. Therefore, Section 305 does not require a school board to seek recommendations from planning agencies prior to making decisions to undertake proposed actions.[2]

Accordingly, for the reasons herein, we will affirm the trial court's order granting appellees' motion for summary judgment and dismissing appellants' complaint.

Order affirmed.

ORDER

AND Now, this 29th day of July, 1980, the January 11, 1979 order of the Court of Common Pleas of the 41st Judicial District, Perry County Branch, granting the motion of appellees for summary judgment and dismissing the complaint of the appellants is hereby affirmed.

---

[2] We do not decide here the consequence, if any, of a school board's failing to comply with Section 305 of the MPC. However, see *Todrin v. Board of Supervisors of Charlestown Township*, 27 Pa. Commonwealth Ct. 583, 367 A.2d 332 (1976), where we held that failure of a planning commission to include a specific statement as to whether a recommended change in a zoning ordinance was in accordance with the intent of the comprehensive plan did not render the otherwise reasonable amendment invalid. The recommendations made by any planning agency to any governing body is advisory only. Section 105 of the MPC, 53 P.S. §10105.