John F. Byrne and Donna B. Klemm, Appellants
*v.* Jane C. Alexander et al., Appellees.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Jan C. Sulcove, Black and Davison,* for appellants.

*Frederick G. Antoun, Jr.,* with him *Jack M. Stover* of *Shearer, Mette & Woodside,* for appellees.

OPINION BY JUDGE MENCER, January 21, 1981:

At a time when hard-pressed taxpayers are more mindful than ever concerning the expenditure of tax dollars by public officials, this appeal presents us with the question of whether a school board abused its discretion by deciding to delete a swimming pool and locker room facilities from a new elementary school to be constructed.

Certain taxpayers in the Greencastle-Antrim School District in Franklin County and parents of children presently enrolled in that school district filed a suit in equity seeking to enjoin the deletion of the swimming pool and locker room facilities. The school board members named as defendants filed preliminary objections in the nature of a demurrer and a motion to strike for failure of the plaintiffs to exhaust remedies available to them under the Public School Code of 1949.[1] The Court of Common Pleas of Franklin County, by order dated June 2, 1980, granted the demurrer and motion to strike filed by the defendants and dismissed the case filed by the plaintiffs. The plaintiffs then appealed to this Court from that order, and we affirm.

Our Supreme Court stated, in *Landerman v. Churchill Area School District,* 414 Pa. 530, 534, 200 A.2d 867, 869 (1964):

> In order for a court of equity to grant relief, it must clearly be shown that the school board acted outside the scope of its statutory authority or not in good faith. 'It is only where the board transcends the limits of its legal discretion that it is amenable to the injunctive processes of a court of equity. . . .' (Citations omitted.)

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 *et seq.*

Only in those instances wherein arbitrariness, caprice, and wrongdoing characterize a board's act will a court interfere. Arbitrariness and caprice must not be confused with honest differences of opinion and judgment. *Dochenetz v. Bentworth School District*, 6 Pa. Commonwealth Ct. 173 (1972).

Our examination of this record convinces us that the board's decision of January 17, 1980 to delete the swimming pool and locker room facilities from the new elementary school was not outside the scope of its authority. We have not been persuaded that there was a continuing legal obligation on the school board to proceed with the building of a swimming pool and locker room facilities in accordance with its earlier decision to do so. *See Ulanoski v. Sheaffer*, 53 Pa. Commonwealth Ct. 279, 417 A.2d 846 (1980).

The appellants here, plaintiffs in the court below, contend that the school board decision of January 17, 1980 was made without proper inquiry and for political motivation. This record clearly portrays the community dispute that resulted from the proposal to build a new elementary school, and central thereto was the inclusion of a swimming pool. Upon becoming members of the school board, the seven present members who were elected in November 1979 after actively campaigning to rescind the plans to build a swimming pool in the new elementary school were not, as a result of such a campaign promise, precluded from voting in support of a decision that would fulfill their campaign promise. Their extended public involvement in a resolution of the swimming pool dispute is fatal to the contention that their decision of January 17, 1980 was made without proper inquiry. *Ulanoski v. Sheaffer, supra.*

Also, we are in accord with the following reasoning of President Judge EPPINGER of the court below:

The Public School Code, the Act of 1972, June 1, P.L. 325, No. 89, §3, as amended by the Act of 1973, June 27, P.L. 75, No. 34, §2, 24 P.S. §7-731, provides that the Department of Education (5) shall receive and investigate complaints from the public about any school construction project on (6) any phase. The Act directs the Department to hold hearings, subpoena witnesses and take testimony in making its investigations. This amendment to the School Code affords opponents of any school building project the right to request a hearing before the Department, which is empowered to act on complaints from the public concerning any school building construction. School matters are more appropriately presented before the Department than before a Court of Equity.

The failure of the appellants to pursue their remedies under the Public School Code of 1949 is jurisdictional and therefore a court of common pleas sitting in equity has no power to inquire into a controversy where doing so would obviate a statutory procedure available for its resolution. Further, we are not persuaded that the statutory procedure available to the appellants in the instant case is inadequate.

Order affirmed.

ORDER

AND Now, this 21st day of January, 1981, the order of the Court of Common Pleas of Franklin County, dated June 2, 1980, granting a demurrer for failure to state a cause of action and a motion to strike for failure to exhaust remedies under the Public School Code of 1949 and dismissing the case commenced by John F. Byrne and Donna B. Klemm, is hereby affirmed.