**BOROUGH OF BRENTWOOD, ALLEGHENY COUNTY, Pennsylvania, and James D. Trovato, Appellants,**

v.

**BRENTWOOD (BOROUGH) SCHOOL DISTRICT; John C. Dillon; Robert E. Shanahan; Marie C. Landon; Mary Agnes Galvin; Jane T. Haney; Walter M. Vernau; Donald F. White; James C. Dilla; Orlando Jardini; Brentwood School Superintendent, Eugene A. Bolt; Kaclik & Graves, Architects; John G. Kaclik; and Victor R. Graves.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1995.

Decided July 12, 1995.

Lawrence G. Zurawsky, for appellants.

Lee V. Price, for appellees.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Borough of Brentwood and James D. Trovato (Borough) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained Brentwood School District's, et al.[1] (District) preliminary objections and dismissed the Borough's complaint.

On February 4, 1994, the Borough filed a complaint against the District alleging three counts. First, the Borough sought to enjoin the District from proceeding with a school building expansion and consolidation project,

---

1. The Borough filed suit against the District, its current and past superintendents, all of the school board members, as well as two partners in the architectural firm Kaclik & Graves.

and asked the trial court to grant it preliminary and permanent injunctive relief. Second, the Borough sought preliminary and permanent writs of mandamus directing the District to submit revised project estimates to the Pennsylvania Department of Education (PDE). Third, the Borough sought declaratory relief in the form of a referendum on the next ballot and a declaratory order judgment and decree stating that the current project cost estimates as presently submitted to the PDE are inaccurate, invalid, unrealistic and in contravention of the current law.

On March 4, 1994, the District filed preliminary objections to the Borough's complaint. Thereafter, on April 21, 1994, the trial court sustained the District's preliminary objections as the Borough (1) lacked a capacity to sue, and (2) failed to exhaust its statutory remedies. The Borough, thereafter, appealed to this Court.

On appeal before this Court,[2] the Borough argues that the trial court erred in sustaining the District's preliminary objections and dismissing its complaint based on the Borough's failure to exhaust its statutory remedies as the statutory remedies are inadequate, nonexistent and completely inappropriate for the circumstances of this case.[3] We disagree.

The Public School Code of 1949 (Code)[4] clearly outlines the procedures to be followed if an individual or group objects to the construction or reconstruction of a public school building. The Code, in Section 7–731, states in pertinent part:

The Department of Education, with respect to construction or reconstruction of public school buildings, *shall* have the power and its duties shall be:

(1) To review all projects, plans and specifications for school building construction or reconstruction, and to make recommendations thereon to the General Assembly and the Governor;

.　　.　　.　　.

(3) *To hold hearings on any or all projects* and subpoena witnesses, administer oaths, take testimony and compel the production of documents relevant to any investigation;

.　　.　　.　　.

(5) *To receive and investigate complaints* from the public or other source *concerning any school building construction or reconstruction project;*

(6) To conduct investigations on any phase of school building construction or reconstruction projects.

24 P.S. § 7–731 (emphasis added.) The trial court found that, based upon the above sections of the Code, it lacked the proper subject matter jurisdiction to hear the case. Therefore, the trial court reasoned that it had no jurisdiction to resolve the controversy at issue and therefore sustained the District's preliminary objections.[5]

Our review of the record below reveals that the Borough did not file a complaint or request a hearing from the PDE as mandated by the Code. In fact, the Borough admits that it did not seek PDE review in its brief before this Court. We conclude, therefore, that the trial court did indeed lack subject matter jurisdiction in properly hearing this case, as the Borough failed to exhaust its statutory remedy under the Code.

---

**2.** When reviewing orders disposing of preliminary objections which raise a question of subject matter jurisdiction, this Court's scope of review is whether the trial court properly determined whether the law will bar recovery due to a lack of subject matter jurisdiction. *Kimmel Township Taxpayers Ass'n v. Claysburg Kimmel School District,* 146 Pa.Commonwealth Ct. 57, 604 A.2d 1149 (1992). *See also Clearview Land Development Co., Inc. v. Kassab,* 24 Pa.Commonwealth Ct. 532, 357 A.2d 732 (1976).

**3.** This case is properly before this Court as orders which sustain preliminary objections and dismiss a complaint are final appealable orders as defined within Pa.R.A.P. 341.

**4.** The Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

**5.** In reviewing preliminary objections, only facts that are well pled, material and relevant are considered as true, and further, those preliminary objections which are clear and free from doubt will be sustained. *Triage, Inc. v. Commonwealth, Department of Transportation,* 113 Pa.Commonwealth Ct. 348, 537 A.2d 903 (1988).

This Court has repeatedly held that a court of equity has no jurisdiction when an adequate administrative remedy exits. Further, this Court has held that the administrative process, in a case of this kind, is not finalized until the PDE gives final approval of the construction project and also disposes of any objections to the construction project. *Flaharty v. School Directors of Eastern School District,* 17 Pa.Commonwealth Ct. 637, 334 A.2d 310 (1975). *See also Byrne v. Alexander,* 56 Pa.Commonwealth Ct. 206, 424 A.2d 602 (1981).

Further, the Borough argues that the administrative remedy, as enunciated in the Code, is neither adequate nor complete as it would not properly dispose of the issues. We are not persuaded by this argument. The legislature, through enacting the Code, clearly intended for the PDE to maintain and resolve any conflicts involving construction or reconstruction of public school buildings. Therefore, we cannot ignore this clear legislative intention by allowing the Borough to circumvent the PDE and litigate this controversy in the trial court. Therefore, we find that the trial court properly sustained the District's preliminary objections and dismissed the action.[6]

Accordingly, we affirm.

### ORDER

AND NOW, this 12th day of July, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

**6.** The Borough raised a second issue challenging the trial court's determination that the Borough lacked the capacity to sue. As we have held that the trial court had no jurisdiction to hear the case, we need not reach the merits of this capacity to sue issue.